WELCH, Judge,
dissenting.
I agree with that portion of the majority’s opinion holding that the initial stop of King’s vehicle was valid pursuant to a properly executed search warrant. However, as discussed below, I do not believe that Deputy Terry Wood had consent to open the film canister he removed from King’s pocket during a patdown search. Therefore, I believe that King’s motion to suppress was due to be granted, and I respectfully dissent.
The majority holds that it was reasonable for the arresting officer, Deputy Wood, to believe that the scope of King’s *35 consent to retrieve the film canister from King’s pocket included opening the canister. However, I do not believe that the record supports this view. Deputy Wood testified as follows regarding his obtaining consent to search King’s person.
“Q. [The prosecutor:] Okay. What did you ask Mr. King?
“A. [Deputy Wood:] I advised Mr. King our reasons for being there. I advised him of the search warrant. I asked him if he would to step out of the vehicle.
“Q. Did he do so?
“A. Yes, he did.
“Q. Okay. What did you do at that point?
“A. I asked Mr. King did he have anything on him that I needed to know about as far as weapons or anything. I advised him that I was going to pat him down for weapons.”
(R. 21.)(Emphasis added.)
Here, Deputy Wood told King that the search of King’s person was for weapons. “ ‘[T]he scope of a search is generally defined by its expressed object.’ ” Tillman v. State, 647 So.2d 7, 11 (Ala.Crim.App.1994) (quoting Florida v. Jimeno, 500 U.S. 248, 251 (1991)); United States v. Garrido-Santana, 360 F.3d 565, 576 (6th Cir.2004) (“Generally, the expressed object of the search defines the scope of that search.”). I do not believe that it was objectively reasonable for Deputy Wood to conclude that he had consent to open the film canister after having informed King that he was searching for a weapon. Only by engagement of “ ‘fanciful speculation’ ” could a film canister be considered a dangerous weapon or to be concealing a dangerous weapon. 4 Wayne R. LaFave, Search and Seizure § 9.6(d), p. 671 (4th ed.2004). For supporting cases see 4 La-Fave, Search and Seizure § 9.6(d), p. 771 n. 258. In such speculation I decline to engage. See, e.g., Cannon v. State, 985 So.2d 968, 971 (Ala.Crim.App.2007) (contents of film canister removed from suspect’s pocket suppressed where “nothing in the record show[ed] that the nature of the contraband found in the canister was immediately apparent when [the officer] pulled it from Cannon’s pocket”). Moreover, I do not believe that the alleged “passive acquiescence” referred to by the majority has application in this case. Unlike cases cited by the majority involving searches for contraband, a Terry patdown is a limited search, conducted solely to protect the safety of law enforcement. Its scope should never exceed what is necessary to protect the safety of officers. Thus, I do not agree that King consented to Deputy Wood’s opening of the canister.
Absent consent, a container taken during a Terry patdown should not be opened “unless it might contain a weapon, a judgment which the officer should be expected to make on the basis of its size, weight and feel.” 4 W. LaFave, Search and Seizure § 9.6(d), pp. 669-71 (quoting Model Code of Pre-Arraignment Procedure § 110.2(4) (1975)).
Based on the above, I respectfully dissent.